# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| KEVIN BRODOCK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NEVRO CORP., a Delaware Corporation,<br><br>　　　　Defendant. | Cause No. CV 20-110-SPW-TJC<br><br><br>**ORDER RE FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is United States Magistrate Judge Cavan's Findings and Recommendations (Doc. 23), filed on February 1, 2021, regarding Defendant Nevro Corp.'s partial motion to dismiss (Doc. 6). Judge Cavan recommended that Nevro's motion be granted in part and denied in part. (Doc. 23 at 1). Plaintiff Kevin Brodock timely objected to Judge Cavan's Findings and Recommendations on February 15, 2021. (Doc. 24). Nevro responded to the objections on March 1, 2021. (Doc. 25). The matter is deemed fully briefed and ripe for adjudication. After careful review, the Court adopts Judge Cavan's Findings and Recommendations in full.

//

1

I.   **STANDARD OF REVIEW**

Parties are entitled to *de novo* review of those portions of Judge Cavan's findings and recommendations to which they timely and properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

//

## II. RELEVANT BACKGROUND

Neither party objected to Judge Cavan's recitation of the case's relevant factual background. Therefore, finding no clear error, Judge Cavan's factual findings of the relevant background of the case are adopted in full.

## III. DISCUSSION

Judge Cavan found that Brodock's employment was governed by a written agreement for a specific employment term at the time Nevro terminated Brodock. Therefore, Montana's Wrongful Discharge from Employment Act ("WDEA") did not apply and Judge Cavan recommended the Court grant Nevro's motion as to Count I and dismiss the claim. (Doc. 23 at 7). Judge Cavan found that Brodock's complaint sufficiently alleged facts to properly plead the claims in Counts III, IV, and V, and recommended that the Court deny Nevro's motion as to these counts. (*Id*. at 10, 12, 14). Judge Cavan also found that an actual case or controversy existed as pled in Count VI regarding Brodock's claims for declaratory relief on the non-compete and non-disparage provisions of the employment contract. (*Id*. at 19). Judge Cavan recommended denying Nevro's motion to dismiss relating those claims. (*Id*.). However, Brodock's request in Count VI for declaratory relief on the breach of contract claim was found identical to Brodock's Count II breach of contract claim and Judge Cavan recommended dismissal of that declaratory relief claim as duplicative. (*Id*.).

3

Of those findings and recommendations, Brodock objected only to Judge Cavan's recommendation to dismiss the Count I wrongful discharge from employment claim. (Doc. 24 at 5). Brodock argues the plain language of the employment agreement does not limit the contract to a specific term. Rather, because the contract provides for Brodock's employment to continue past the specified term under an "at-will" employment structure, the contract was not one for a specific term and does not exempt the agreement from the WDEA.

Montana's WDEA is the exclusive remedy for an employee's wrongful discharge claim. Mont. Code Ann. § 39-2-902. There are exceptions to the WDEA's exclusivity, including when an employee is covered by "a written contract of employment for a specific term." Mont. Code Ann. § 39-2-912(2).

Here, Judge Cavan examined the language of Brodock's 2018 Amendment Agreement and found that a specific term employment contract existed. Prior to the 2018 Admendment, Brodock operated under an at-will employment agreement for an indefinite period of time. The 2018 Amendment changed the prior employment contract with the following language:

Employment Term

You will be employed by NEVRO for a fixed term commencing on the Effective Date and continuing until December 21, 2020 (the "Term"), subject to the conditions herein. For avoidance of doubt, this modifies your prior at-will employment status such that your employment during the Term is not at-will. Any language in the Offer Letter Agreement or any other

4

> Company document providing for at-will employment shall not apply to your employment during the Term.
>
> If your employment by NEVRO continues beyond the Term and the parties have not entered into a written agreement extending the Term, your continued employment beyond the expiration of the Term will be at-will. During any such period of at-will employment, either your or NEVRO may terminate your employment at any time and for any reason, with our without Cause or Good Reason (as those terms are defined below), and with or without advance notice.

(Doc. 12-3 at 2-3).

Judge Cavan found that the express language of the Amendment created an employment contract for a specific term because the Amendment defined a term of employment and stated Brodock's employment would not be at-will during that term. Brodock was terminated within the specified term, therefore the Amendment's terms apply to Brodock's wrongful discharge claims rather than the WDEA.

Brodock argues that Judge Cavan erred by focusing too closely on the language of the Amendment and ignoring the Amendment's substance. Citing to *Brown v. Yellowstone Club Operations, LLC*, Brodock asserts that the Amendment's contemplation of a term of employment in which Brodock is not employed at-will is not dispositive for whether the Amendment was a contract for a specific term. 255 P.3d 205 (Mont. 2011). According to Brodock, "[t]he contracts between the parties cannot reasonably be construed as 'a written contract of employment for a specific term,' because by the express terms, the

5

employment relationship extended indefinitely into the future unless Nevro proactively discharged Brodock." (Doc. 24 at 8-9).

However, as pointed out by Nevro, Brodock misinterprets the significance of *Brown* and the Court finds his argument unpersuasive. In *Brown*, the Montana Supreme Court took up the question of whether a written employment agreement qualified as a contract for a specific term under the WDEA exception. The contract stated that Brown's employment would last for a term of three years, but that Brown's employer reserved the right to terminate Brown at any time during those three years, without cause. *Brown*, 255 P.3d at 206. The Montana Supreme Court determined that, based on the language of the contract, the employer's ability to terminate Brown at will trumped the contract's specific term. Thus, "[i]f an employment contract for a specific term also allows the employer to terminate at will (after completion of the probationary period), it is not a 'written contract for a specific term' under [Mont. Code Ann. § 39-2-912]." *Id.* at 208.

Here, Judge Cavan found no provision allowing Nevro to terminate Brodock at will within the Amendment's specified term. In fact, the Amendment expressly precluded Nevro from terminating Brodock at will within the two-year term. (Doc. 12-3 at 2) ("For avoidance of doubt, this modifies your prior at-will employment status such that your employment during the Term is not at-will."). To find otherwise would be to ignore the plain language of the contract. The

Court agrees with Judge Cavan's finding that the Amendment created a written employment contract for a specific term under which Brodock operated at all relevant times to his claims. As such, the Mont. Code Ann. § 39-2-912(2)'s exception requirements are met and the WDEA does not apply to Brodock's claim under Count I. Count I must be dismissed for failure to state a legally cognizable theory.

As Brodock does not object to any other recommendation, the Court is limited to reviewing Judge Cavan's recommendations for clear error. The Court finds no clear error in the findings or recommendations.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 23) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendant Nevro's Partial Motion to Dismiss (Doc. 10) is **GRANTED IN PART and DENIED IN PART** as specified in this Order and Judge Cavan's Findings and Recommendations.

DATED this 24th day of March, 2021.

SUSAN P. WATTERS
U.S. District Court Judge